Filed 1/3/22 Moradian v. Rideshare Port Management CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAYMOND MORADIAN,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>RIDESHARE PORT MANAGEMENT, LLC, et al.,<br><br>     Defendants and Appellants. | B301784<br><br>Los Angeles County<br>Super. Ct. No.   BC496400<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on December 2, 2021, be modified as follows:

For footnote 12, on pages 17-18:

1)     the short cite for the citation to *Law Finance Group, LLC v. Key* (2021) 67 Cal.App.5th 307 should be corrected to read as "(*Law Finance Group*)."

2)     the following additional paragraph should be added to this footnote:

> "Our Supreme Court has granted a petition for review of the *Law Finance Group* decision to consider whether equitable tolling applies to the

100-day deadline in section 1288.2. (*Law Finance Group, supra,* 67 Cal.App.5th 307, review granted Nov. 10, 2021, S270798.) We nonetheless consider *Law Finance Group* persuasive and cite it for its persuasive value."

Appellants Red Vans Management Services, Inc. and Rattan Joea's petition for rehearing, filed on December 17, 2021, is denied.

There is no change in the judgment.

_____

EGERTON, J.          LAVIN, Acting P. J.          HILL, J.*

---

\*       Judge of the Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 12/2/21  Moradian v. Rideshare Port Management CA2/3 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAYMOND MORADIAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RIDESHARE PORT<br>MANAGEMENT, LLC, et al.,<br><br>    Defendants and Appellants. | B301784<br><br>Los Angeles County<br>Super. Ct. No.  BC496400 |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, Kenneth R. Freeman, Judge.  Judgment and orders affirmed; appeals dismissed.

Koletsky, Mancini, Feldman & Morrow, Jason N. Cirlin and Kristyn J. Mintesnot for Defendants and Appellants.

Capstone Law, Ryan H. Wu, Liana Carter and Robert Drexler; The Hamideh Firm and Basil A. Hamideh for Plaintiff and Respondent.

Defendants Rideshare Port Management, LLC (Rideshare), Prime Time Shuttle, Inc. (Prime Time), Airport Transportation Associates, LLC (Airport Transportation), Red Vans Management Services, Inc. (Red Vans), and Rattan Joea appeal a judgment confirming an arbitration award in favor of plaintiff Raymond Moradian and other post-judgment orders.

The trial court vacated the judgment against Rideshare and Prime Time, concluding a bankruptcy stay protected them from state court action. Because they are not subject to the judgment, Rideshare and Prime Time are not proper parties to this appeal, and we must dismiss their appeal accordingly.

As for the remaining defendants, the record shows they failed to petition to vacate the arbitration award within the 100-day period mandated under Code of Civil Procedure sections 1286.4, 1288, and 1288.2.[1] Because their failure to comply with this deadline deprived the trial court of jurisdiction to vacate the award against them, the non-debtor defendants cannot establish prejudicial error as a matter of law. We affirm the judgment against the non-debtor defendants and the post-judgment orders.

## FACTS AND PROCEDURAL HISTORY

Defendants operate the Prime Time Shuttle airport transportation service.[2] Moradian worked for defendants as a shuttle van driver for over 200 workdays in 2011 and 2012.

On November 29, 2012, Moradian filed this action against Rideshare, Prime Time, and Airport Transportation for alleged

[1] Statutory references are to the Code of Civil Procedure, unless otherwise designated.

[2] Unless otherwise specified, the term "defendants" refers to Rideshare, Prime Time, Airport Transportation, Red Vans, and Joea, collectively.

2

Labor Code violations. He asserted a representative claim under the Private Attorneys General Act (Lab. Code, § 2698 et seq., PAGA) and several causes of action in his personal capacity. The complaint generally alleged defendants misclassified Moradian and other non-exempt employees as independent contractors, resulting in numerous wage and hour violations.

On September 12, 2013, Rideshare, Prime Time, and Airport Transportation filed a motion to compel arbitration and to stay the litigation. Joea (who was not named as a defendant at the time) offered a supporting declaration in his capacity as Managing Member of Rideshare, authenticating an Owner-Operator Sub-Carrier Agreement between Rideshare and Moradian. The agreement required arbitration of "any controversy or claim between the parties" to be submitted to arbitration under JAMS Rules of Practice and Procedure. The agreement also stipulated that "if either party fails to appear at any properly-noticed arbitration proceeding, an award may be entered against such party despite said failure to appear."

On November 20, 2013, the trial court granted defendants' motion to compel arbitration of the individual claims, and severed and stayed the PAGA claim pending completion of the arbitration.

On June 9, 2014, Moradian submitted his demand and statement of claims in arbitration, naming Rideshare, Prime Time, and Airport Transportation as respondents. JAMS assigned the arbitration to the Honorable Steven J. Stone (Ret.).

On June 29, 2016, after taking the deposition of Joea (whom the arbitration respondents designated the person most qualified to testify regarding the relevant labor practices),

Moradian amended his arbitration claim to name Red Vans and Joea as respondents in the arbitration.

On February 28, 2017, defendants asked the arbitrator to dismiss Joea from the action. Moradian opposed the request, expressing concern that Joea could be using the entity defendants as an alter ego to protect assets from an eventual judgment. To resolve the issue, the arbitrator authorized Moradian to propound a total of 15 discovery requests about the corporate structure and financial status of each company.

On March 1, 2017, Moradian propounded written discovery regarding the alter ego issues. On April 19, 2017, defendants provided limited responses, refusing to disclose certain financial information. Moradian sent a meet and confer letter requesting supplemental responses. Defendants did not respond.

On June 5, 2017, the arbitrator notified the parties that defendants' arbitration fee payment was delinquent.

On July 11, 2017, Moradian moved to compel compliance with the arbitrator's discovery order.

On July 13, 2017, the arbitrator ordered defendants to pay $44,228.84 in past-due arbitration fees, to provide supplemental responses to Moradian's discovery requests, and to produce all financial documents requested within 10 calendar days. Defendants did not pay the arbitration fees or supplement their responses by the ordered deadline.

On August 10, 2017, Moradian moved for terminating sanctions based on defendants' violation of the arbitrator's orders.

On September 15, 2017, Moradian moved for a liability finding. Relying on deposition testimony by Joea and other defense witnesses, Moradian argued defendants had "failed to

4

overcome the presumption under California law that [Moradian] was an employee rather than an independent contractor."

The arbitrator ordered defendants to file a response to Moradian's pending motions by October 9, 2017.  Defendants failed to respond by the ordered deadline.

On October 10, 2017, the arbitrator granted defendants' request for a one-week extension to submit responses to Moradian's motion to compel compliance with discovery, motion for sanctions, and motion for a liability finding. Despite receiving the extension, defendants failed to respond to the pending motions.

On October 19, 2017, the arbitrator entered an order granting Moradian's request for a liability finding and award against defendants.  Citing evidence submitted with Moradian's request, the arbitrator found the nature of Moradian's relationship with defendants, defendants' ability to terminate the relationship, and defendants' ability to control Moradian's work, among other factors, weighed in favor of finding an employer-employee relationship.  The arbitrator also found the deposition testimony given by defendants' designated witnesses established the "different 'companies' [were] alter egos of the other" and, "in the absence of ordered discovery" regarding their financial relationships that defendants refused to provide, the arbitrator concluded all defendants were jointly and severally liable for the wage and hour violations.  The arbitrator ordered Moradian to submit briefing on damages and attorney fees to determine the monetary amount of the award.

On October 25, 2017—six days after the arbitrator issued its order finding defendants jointly and severally liable for Moradian's injuries—Rideshare filed for Chapter 11 bankruptcy

5

and provided notice to the trial court. On October 27, 2017, the trial court entered a minute order acknowledging the case (including the related arbitration) was automatically stayed for all purposes.

On December 6, 2017, the bankruptcy court extended a litigation injunction for non-debtor entities related to Rideshare, including the four other defendants in this action. However, on July 16, 2018, the bankruptcy court terminated the non-debtor injunction in an order denying Rideshare's motion to confirm its plan of reorganization. The bankruptcy court found Rideshare's disclosure statement did not contain adequate information and its plan for reorganization was "patently un-confirmable."

On August 3, 2018, the trial court entered an order lifting the stay on arbitration against the non-debtor defendants to allow Moradian to "seek individual damages through the current Arbitrator." The order confirmed the "matter continues to be stayed with respect to Rideshare."

On November 9, 2018, Moradian submitted briefing on damages and attorney fees to the arbitrator. The arbitrator ordered the non-debtor defendants to submit their opposition by November 27, 2018. The non-debtor defendants failed to file a response.

On November 29, 2018, "to provide full due process to the parties . . . [and] to provide the Parties an opportunity to verbally express their views," the arbitrator requested a conference call with the parties. On January 14, 2019, the arbitrator held the call. Defendants' counsel and Joea appeared on defendants' behalf. Defendants made no argument regarding the bankruptcy and asserted only that they had no funds to pay a judgment.

On January 15, 2019, the arbitrator issued the final arbitration award, awarding Moradian $121,519.31 for unpaid wages, prejudgment interest, unreimbursed business expenses, and statutory penalties, plus $1,000,000 in attorney fees and $31,264.76 for litigation costs and expenses. On January 16, 2019, the arbitrator's office served defendants with a signed copy of the final arbitration award.

On February 8, 2019, Moradian filed a petition to confirm the arbitration award in the trial court. The court set defendants' opposition deadline for March 28, 2019 and the hearing on the petition for April 11, 2019 (71 and 85 days, respectively, after defendants were served with the final arbitration award). The court expressly admonished defendants and their counsel about the consequences of failing to oppose the petition: "If there is no opposition to this petition filed by the hearing date, then there will be no reason not to confirm the arbitration award. In other words, if you do nothing, the award will be confirmed, and there will be a judgment." Defendants' counsel responded: "Understood."

On April 8, 2019, Prime Time filed a voluntary petition for Chapter 7 bankruptcy. Prime Time did not, however, notify the trial court or Moradian of the automatic bankruptcy stay, despite the requirement to do so under rule 3.650(b)(4) of the California Rules of Court.[3]

Defendants never submitted an opposition or response to Moradian's petition to confirm the arbitration award. Nor did they make an appearance at the April 11, 2019 hearing.

---

[3]    Rule references are to the California Rules of Court.

7

On April 11, 2019, the trial court granted Moradian's unopposed petition to confirm the arbitration award.[4] The court also "lifted [the stay] for Plaintiff to add parties added in the arbitration" and granted Moradian leave to add those respondents in the arbitration (Red Vans and Joea) who were not named as defendants in the complaint. The court deferred entry of judgment pending the resolution of Moradian's PAGA claims.

On April 19, 2019, Moradian filed doe amendments adding Red Vans and Joea as named defendants in the action. Moradian served Red Vans with the summons and complaint on May 23, 2019, and served Joea on May 27, 2019.

On April 23, 2019, the bankruptcy court denied Rideshare's motion to approve its amended disclosure statement with prejudice and dismissed the bankruptcy case. On April 26, 2019,

---

[4] In its written ruling, the court reviewed the statutory grounds for vacating an arbitration award and found there was "nothing before the Court which indicates the arbitrator exceeded his powers; that the award was procured by fraud, corruption, or other undue means; that the arbitrator was required to disqualify himself; or that the Defendants' right to challenge the award was substantially prejudiced by the arbitrator's refusal to postpone the hearing." In the absence of grounds to vacate or to modify the award, the court recognized it was statutorily "compelled to approve the award in its current form." (See § 1286 [If a petition to confirm an arbitration award "is duly served and filed, the court shall confirm the award as made, whether rendered in this state or another state, unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceedings."].)

Moradian notified the trial court of the dismissal and asked the court to lift the bankruptcy stay for Rideshare.

On May 20, 2019, Prime Time's Chapter 7 bankruptcy case closed after the trustee determined there was "no property available for distribution from the estate."

On June 4, 2019, Moradian filed and served a request to voluntarily dismiss his PAGA claim without prejudice in order to have judgment entered on his individual claims.

On July 22, 2019, the trial court held a status conference. Defendants' counsel requested more time to consider options for responding to the arbitration award and its confirmation. The trial court rejected the request, stating defendants had already had ample opportunity to contest the arbitration award. The court granted Moradian's request to dismiss his PAGA claim and entered judgment on the arbitration award. Consistent with the confirmed award, the judgment provided that Rideshare, Prime Time, Airport Transportation, Red Vans, and Joea were jointly and severally liable for Moradian's damages, attorney fees, and litigation costs.

On August 7, 2019, defendants filed notices of intention to move for new trial and to vacate the judgment. On August 20, 2019, they filed three motions: a motion to set aside the judgment and enter a new judgment under section 663; a motion to vacate the order confirming the arbitration award, the decision to enter judgment, and the judgment under section 473, subdivisions (b) and (d); and a motion for new trial under section 657. The motions argued the arbitrator's award was contrary to the evidence and law; the attorney fee award was excessive; the arbitrator exceeded his authority in issuing the award; the automatic stay precluded litigation against

9

Rideshare and Prime Time while their bankruptcy petitions were pending; judgment could not be entered against the non-debtor defendants while the bankruptcy stay was in effect; and Red Vans and Joea were not properly added to the state court action.

On October 4, 2019, after a hearing on the three motions, the trial court entered its order partially granting the motion to vacate the judgment under section 473 as to Rideshare and Prime Time and denying the other motions as moot. Because the arbitrator entered the final award while the automatic bankruptcy stay enjoined litigation against Rideshare, the court concluded "[t]he action taken by the arbitrator as to Rideshare . . . was void" under federal law. Similarly, the court reasoned its order confirming the arbitration award was void with respect to Prime Time because, despite Prime Time's failure to notify the court of the bankruptcy, the automatic stay was "self-executing" upon Prime Time filing its petition. However, because the bankruptcy court had lifted the non-debtor injunction before any of the challenged arbitration and state court proceedings occurred, the court concluded there was "no reason" to vacate the award, confirmation order, or judgment as to the non-debtor defendants.

## DISCUSSION

### 1. *Rideshare and Prime Time Do Not Have Standing to Appeal the Judgment or Post-Judgment Orders*

Notwithstanding an appealable order or judgment, an appeal may be taken only by a party who has standing to appeal. (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947 (*Sabi*).) The rule of appellate standing is codified in section 902, which provides: "Any party *aggrieved* may appeal in the cases prescribed" for appeals in a civil action. (Italics added.) A party

is aggrieved only if its "rights or interests are injuriously affected by the judgment." (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737 (*Carleson*); see also § 902, Code Commission Notes ["A party not affected by a judgment cannot take an appeal."].) The injury " ' "must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' " (*Carleson,* at p. 737.) The standing requirement is jurisdictional. (*Sabi,* at p. 947.)

The trial court vacated the judgment and order confirming the arbitration award against Rideshare and Prime Time, granting their motion for relief under section 473. Because these defendants are not parties affected by the judgment or confirmation order, and because they are not aggrieved by the order granting them the relief they requested, they have no standing to appeal.[5] Accordingly, we must dismiss their appeal.[6] (See *Sabi, supra,* 183 Cal.App.4th at p. 947.)

---

[5] Rideshare and Prime Time also purport to appeal from the order denying their new trial motion and several other interlocutory orders. Like the interlocutory orders, "an order *denying* a motion for new trial is not independently appealable and may be reviewed only on appeal from the underlying judgment." (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19; cf. § 904.1, subd. (a)(4) [order granting a new trial is appealable].) Because Rideshare and Prime Time lack standing to appeal the judgment, we also have no jurisdiction to consider their appeal from the various orders listed in their notice of appeal.

[6] Additionally, as Moradian emphasizes, the trial court's order partially vacating the judgment remanded the claims against Rideshare and Prime Time to arbitration. Consequently, there is no final judgment from which these defendants could

11

## 2.    *The Trial Court Did Not Err in Refusing to Vacate the Judgment Against Red Vans and Joea*

Red Vans and Joea contend the trial court was compelled to vacate the judgment and dismiss the action against them under section 583.250, because Moradian failed to serve them with the summons and complaint within three years of commencing the action.  (See § 583.210.)[7]  They also argue dismissal was

_____

appeal.  (See *Sy First Family Ltd. Partnership v. Cheung* (1999) 70 Cal.App.4th 1334, 1345 [order remanding claims to arbitration "constituted an interlocutory rather than a final ruling"]; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697 ["an appeal cannot be taken from a judgment that fails to complete the disposition of all causes of action between the parties"].)  Moreover, because these defendants petitioned to compel arbitration in the first place, they cannot reasonably contend they are aggrieved by the court's ruling returning the matter to arbitration.  (See *Carleson, supra,* 5 Cal.3d at p. 737.)

[7]    Section 583.210 provides: "(a) The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant.  For the purpose of this subdivision, an action is commenced at the time the complaint is filed. [¶] (b) Proof of service of the summons shall be filed within 60 days after the time the summons and complaint must be served upon a defendant."

Under section 583.250, subdivision (a), "If service is not made in an action within the time prescribed in this article: [¶] (1) The action shall not be further prosecuted and no further proceedings shall be held in the action. [¶] (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties."  These requirements "are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."  (§ 583.250, subd. (b).)

compelled under rule 3.110(b), because Moradian failed to file proofs of service with the court within 30 days of adding them as defendants to the action.[8]  We disagree on both counts.

Section 583.240 governs computation of the three-year period for effecting service of process mandated under section 583.210.  As pertinent here, section 583.240 provides:  "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed:  . . . (b) The prosecution of the action or proceedings in the action was stayed and the stay affected service."

Red Vans and Joea emphasize Moradian commenced this action on November 29, 2012, but he did not serve them with the summons and complaint until May 23 and May 27, 2019— more than six years later.  However, on September 12, 2013, Rideshare, Prime Time, and Airport Transportation filed a motion to compel arbitration and to stay the litigation.  And, on November 20, 2013, the trial court granted defendants' motion, necessarily staying the action as required under section 1281.4.[9]  The record shows it was not until April 11, 2019—

[8]     Rule 3.110(b) provides, in pertinent part:  "When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint."

[9]     Section 1281.4 provides, in pertinent part:  "If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy . . . , the court in which such action or proceeding is pending *shall*, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies."  (Italics added.)

13

more than five years later—that the trial court ordered "[t]he stay is lifted for Plaintiff to add parties [to the court action] added in the arbitration." When that five-year period is excluded from the computation of time for effecting service of process, we find (as the trial court did) that Moradian served Red Vans and Joea with the summons and complaint well within the required three years.[10] (See, e.g., *Highland Stucco & Lime v. Superior Court* (1990) 222 Cal.App.3d 637, 644 [in complex asbestos litigation, where trial court "stayed all proceedings in the action on non[-]abatement issues," stay "clearly affected the service of process in that it precluded service upon additional defendants until the stay was lifted" and thus was to be excluded from computation of three-year period under sections 583.210 and 583.240].)

As for the 30-day deadline under rule 3.110(b) for filing proof of service after amending the complaint to add a defendant, rule 3.110(f) states that "[i]f a party fails to serve and file pleadings as required under this rule, . . . the court *may* issue an order to show cause why sanctions shall not be imposed." (Italics added.) Red Vans and Joea argue the trial court was required to vacate the judgment and dismiss the action against them because Moradian amended his complaint to add them as defendants on April 19, 2019, but he did not file proofs of service until August 29, 2019—more than 130 days later. The trial court addressed Moradian's late filing of the proofs of service in its order denying the motions to vacate, and the court exercised its

[10]     In filing the proofs of service on August 29, 2019, Moradian also complied with the three-year and 60-day deadline under section 583.210, subdivision (b) when the five-year stay period is excluded.

14

discretion not to set an order to show cause regarding sanctions under rule 3.110(f). As the undisputed record shows Red Vans and Joea were named as respondents in Moradian's arbitration claim, they participated in the arbitration proceedings, and they were served with the summons and complaint before the trial court entered judgment against them, we cannot say the court abused its discretion by declining to issue an order to show cause for the failure to timely file proofs of service.[11]

In any event, even if sanctions had been warranted, the trial court correctly determined that dismissal of the action was not authorized for a violation of rule 3.110(b). Rule 2.30 specifies the sanctions that are permitted for a violation of the California Rules of Court relating to general civil cases. (Rule 2.30(a).) Rule 2.30(b) provides that, "[i]n addition to any other sanctions permitted by law, the court may order a person . . . to pay reasonable *monetary* sanctions to the court or an aggrieved person, or both, for failure without good cause to comply with the applicable rules." (Italics added.) Red Vans and Joea have not cited, and we are not aware of, any other law (besides rule 2.30(b)) authorizing sanctions for violation of the 30-day deadline under rule 3.110(b). Thus, the trial court had no discretion to

---

[11] Contrary to Red Vans's and Joea's argument in their motions to vacate the judgment, the record shows they were served with the summons and complaint (on May 23 and May 27, 2019, respectively) *before* the trial court entered the July 22, 2019 judgment. Thus, there is no merit to their renewed contention that the trial court lacked jurisdiction to enter the judgment against them when it did. (See § 410.50, subd. (a) ["Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time *summons is served* on him." (Italics added.)].)

15

dismiss Red Vans and Joea from the action for this rule violation, and the court correctly concluded as much. The trial court did not err in refusing to vacate the judgment against these defendants.

3. ***The Non-Debtor Defendants Cannot Establish Prejudice Because They Failed to Petition to Vacate the Arbitration Award Before the 100-day Jurisdictional Deadline Lapsed***

The non-debtor defendants advance several arguments that they contend compelled the trial court to vacate the judgment entirely or to order a new trial. However, as we will explain, none of these arguments is sufficient to establish reversible error because the trial court no longer had jurisdiction to vacate the arbitration award when defendants filed their post-judgment motions.

"Arbitration is designed to provide expeditious resolutions of disputes. It is the 'policy of the law . . . to favor arbitration as a means of providing a summary disposition of controversies, [and] every reasonable intendment is indulged to give effect to such proceedings.' [Citation.] 'Every presumption favors [an arbitration] award, and therefore the merits of an award, either on questions of law or fact, are generally not subject to review.' " (*Knass v. Blue Cross of California* (1991) 228 Cal.App.3d 390, 393 (*Knass*); see *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (*Moncharsh*) ["[T]he Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' [Citations.] Consequently, courts will ' "indulge every intendment to give effect to such proceedings." ' "].)

16

An arbitration award that has not been vacated or confirmed "has the same force and effect as a contract in writing between the parties to the arbitration." (§ 1287.6.) If a petition to confirm an arbitration award "is duly served and filed, the court *shall confirm the award as made*, . . . unless in accordance with [the arbitration statutes] it corrects the award and confirms it as corrected, vacates the award or dismisses the proceedings." (§ 1286, italics added.) "If an award is confirmed, judgment shall be entered in conformity therewith," and the judgment is to be treated in all respects like a judgment in "a civil action of the same jurisdictional classification." (§ 1287.4.)

The trial court is authorized to vacate an arbitration award upon narrow statutory grounds, "[s]ubject to [s]ection 1286.4." (§ 1286.2, subd. (a); see *Knass, supra,* 228 Cal.App.3d at p. 393.) Under section 1286.4, the "court *may not vacate an award unless*: . . . [a] petition or response requesting that the award be vacated [or corrected] has been *duly served and filed*" and all parties are before the court. (§ 1286.4, subds. (a)–(b), italics added; *Knass,* at p. 393; *Abers v. Rohrs* (2013) 217 Cal.App.4th 1199, 1205 (*Abers*).) Under section 1288, "[a] petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner." Section 1288.2 likewise provides: "A response requesting that an award be vacated or that an award be corrected shall be served and filed not later than 100 days after the date of service of a signed copy of the award."[12]

---

[12] In many instances, a response must be filed and served well before the 100-day jurisdictional deadline. Section 1290.6 provides that "[a] response shall be served and filed within 10 days after service of the petition except that if the petition

The statutory "deadlines for challenging and confirming arbitration awards serve important goals." (*Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739, 746 (*Eternity Investments*).) "A challenge to an award—to correct or vacate it—typically requires the trial court to make factual determinations. [Citation.] Consequently, a challenge must be made soon after the award is served—within 100 days—while the evidence is fresh and witnesses are available. But absent a challenge, there may be no need for judicial intervention. The award is treated as a contract (§ 1287.6), and the prevailing party has a substantially longer period—up to four years (similar to the four-year statute of limitations for breach of contract (§ 337, subd. 1))—to obtain satisfaction of the award before resorting to the courts. In the event of satisfaction, judicial relief will not be necessary, conserving court resources. If, however, the award is not satisfied, the prevailing party may convert it into an enforceable

is served [by mail], the response shall be served and filed within 30 days after service of the petition." Unlike the 100-day jurisdictional deadline, the time for serving and filing a response "may be extended by an agreement in writing between the parties to the court proceeding or, for good cause, by order of the court." (§ 1290.6.) However, section 1288.2 takes precedence over section 1290.6, and a trial court has no jurisdiction to vacate an award if a request is filed beyond 100 days, even if the request responds to a petition to confirm. (*Law Finance Group, LLC v. Key* (2021) 67 Cal.App.5th 307, 320, 316, 318 (*Law Finance*); see *Douglass v. Serenivision, Inc.* (2018) 20 Cal.App.5th 376, 384–385 [" '[a] response to a petition' to confirm an award 'may request the court to . . . vacate the award' (§ 1285.2), but a response containing such a request is only timely if it is 'served and filed not later than 100 days' after the responding party was served with a signed copy of the award (§ 1288.2)"].)

judgment by way of a petition to confirm. (§§ 1287.4, 1288.) And confirmation will be a simple process absent a prompt, timely challenge to the award." (*Ibid.*)

In sum, "[t]he trial court's power to vacate an arbitration award is governed by statute, and the deadline for seeking such relief is mandatory." (*Abers, supra,* 217 Cal.App.4th at p. 1211.) "[T]he 100-day limitation for a petition to vacate an arbitration award is *jurisdictional*" and a trial court has no authority to vacate an arbitration award absent the petitioning party's compliance with this statutory mandate. (*Ibid.*, italics added; *Santa Monica College Faculty Assn. v. Santa Monica Community College Dist.* (2015) 243 Cal.App.4th 538, 544–545 ["The filing and service deadline for a petition to vacate is jurisdictional; noncompliance deprives a court of the power to vacate an award unless the party has timely requested vacation in response to a petition to confirm."]; see also *Law Finance Group, supra,* 67 Cal.App.5th at p. 322 ["Like section 1288, section 1288.2 imposes a strict 100-day deadline to file and serve a request to vacate. It is similarly jurisdictional."].) Unless a petition to vacate or correct the arbitration award is filed before the statutory 100-day deadline passes, "the court has no option but to confirm the award if requested to do so within four years of its issuance." (*Abers,* at pp. 1211–1212, citing § 1286; see also § 1288 ["A petition to confirm an award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner."].)

On January 16, 2019, the arbitrator's office served a signed copy of the final award on defendants. Thus, the 100-day deadline to file and serve a petition to vacate the award under section 1288 expired on April 26, 2019. Defendants did not file

19

a petition to vacate the arbitration award.  Nor did they respond to Moradian's petition to confirm the award by the March 28, 2019 deadline the trial court ordered.  (See § 1290.6 [authorizing extension of 10-day deadline to respond to petition for confirmation of arbitration award "for good cause, by order of the court"].)  Due to defendants' failure to timely petition to vacate the award, the trial court was statutorily mandated to "confirm the award as made." (§ 1286; *Abers*, *supra,* 217 Cal.App.4th at pp. 1211–1212; *Eternity Investments, supra,* 151 Cal.App.4th at p. 745 ["[C]onfirmation of an award is the *mandatory* outcome *absent* the correction or vacatur of the award or the dismissal of the petition." (First italics added.)].)  And, upon confirming the award, the court was statutorily compelled to enter judgment in conformity with the award's terms. (§ 1287.4 ["If an award is confirmed, judgment *shall* be entered in conformity therewith." (Italics added.)].)  The trial court lacked jurisdiction to do otherwise.

The non-debtor defendants acknowledge the 100-day time limit imposes a jurisdictional constraint on the trial court's authority to vacate the arbitration award, yet they contend it placed no constraint on the court's authority to rule on their post-judgment motions challenging the arbitration award's validity. First, they argue where "an arbitration award is void ab initio, it need not be the subject of a timely petition to vacate" for the court to set aside an order or judgment based upon the award. They maintain the award and order confirming it were entered in violation of the automatic bankruptcy stay and, therefore, section 473, subdivision (d) authorized the trial court to " 'set aside [the] void judgment or order,' " notwithstanding the jurisdictional bar to vacating the award.  Second, they

20

assert their appeal concerns "decisions that were insufficiently supported, legally erroneous and contrary to law, particularly the Arbitration Award," and they argue "[s]uch erroneous actions taken by the Arbitrator make the arbitration award itself invalid and void in its entirety." We reject both arguments.

The contention that the bankruptcy stay rendered the arbitration award subject to the non-debtor defendants' post-judgment attack fails for two reasons. First, as the trial court recognized, the non-debtor defendants were not subject to a bankruptcy stay when the arbitrator issued the final award, because the bankruptcy court had terminated the non-debtor injunction several months earlier. Federal law specifies that a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor*." (11 U.S.C. § 362(a)(1), italics added.) Consistent with federal law, our state courts have recognized " 'the automatic stay protects only the *debtor*,' " and "the '[b]ankruptcy of one defendant in a multidefendant case does not stay the case as to the remaining [non-debtor] defendants.' " (*Higgins v. Superior Court* (2017) 15 Cal.App.5th 973, 979–980; *Cross v. Cooper* (2011) 197 Cal.App.4th 357, 365, fn. 2 ["the automatic stay of judicial proceedings against a debtor in bankruptcy does not apply to non[-]debtor codefendants"]; *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732, 748 [" 'The automatic stay does not . . . apply to non[-]debtor entities such as *corporate affiliates*, *corporate officers*, *codefendants*, guarantors or general partners.' " (First italics added.)].) That rule applies with special force here, as the bankruptcy court terminated the non-debtor injunction upon an express finding that Rideshare's plan for reorganization was "patently un-confirmable." As our Supreme

21

Court has said, because federal law specifies that the automatic stay operates for the benefit of the debtor, a non-debtor "is not in a position to complain of the flaunting of the claimed authority of the bankruptcy court which that court did not choose to exercise, or of invasions into the field of alleged exclusive control as to property which it in effect had abandoned." (*Beck v. Unruh* (1951) 37 Cal.2d 148, 153; accord *In re Pecan Groves* (9th Cir. 1991) 951 F.2d 242, 245 ["[I]f the [bankruptcy] trustee does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay."].)[13]

---

[13] For the same reasons, the fact that the arbitration award holds all defendants jointly and severally liable as alter egos for Moradian's damages does not render the award void. As the bankruptcy court observed in *Pavers & Road Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC* (E.D.N.Y. 2015) 536 B.R. 48, "[j]ust because two entities are *alter egos* does not make them both debtors under the Bankruptcy Code. It simply means they are liable for each other's debts. If the non-debtor entity wants that protection, it need only file its own petition." (*Id.* at p. 51.) To hold otherwise "ignores the plain language of [11 U.S.C. § 362(a)(1)], which provides that the automatic stay protects only the debtor, not non-debtor entities." (*Ibid.* [criticizing dictum in *In re Adler* (E.D.N.Y. 2013) 494 B.R. 43, 53 suggesting the automatic stay forecloses judicial action against non-debtor alter egos of debtor corporation].) Here, of course, we have more than inaction by the non-debtor defendants—we have the bankruptcy court expressly determining they should no longer enjoy the protection of the bankruptcy stay. In this circumstance, it would be nonsensical to hold the arbitrator's award and alter ego finding retroactively bestowed bankruptcy protection on the non-debtor defendants after the bankruptcy court deliberately removed that protection.

Second, even if we agreed that a violation of the bankruptcy stay as to Rideshare and Prime Time rendered the arbitration award void as to the non-debtor defendants, this still would not authorize the trial court to vacate the award or to set aside the judgment entered upon it after the 100-day jurisdictional deadline lapsed.  Defendants cite *Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773 for the proposition that " '[t]he court may . . . on motion of either party after notice to the other party, set aside any void judgment or order' " under section 473.  (*Tearlach*, at p. 779, quoting § 473, subd. (d).)  However, *Tearlach* considered only whether the time limitations applicable to a motion to set aside a judgment for "mistake, inadvertence, surprise or excusable neglect" under section 473, subdivision (b) also applied to a motion to set aside a void judgment under section 473, subdivision (d).  (*Tearlach,* at p. 779.)  The *Tearlach* court correctly recognized that section 473, subdivision (d) "does not place any time limit on bringing such a motion" (*Tearlach*, at p. 779), but the court did not address a situation like we have here, where the trial court entered a judgment under a statutory mandate after it had lost jurisdiction to take any other action on the underlying controversy.  (See *Kinsman v. Unocal Corp*. (2005) 37 Cal.4th 659, 680 [" 'An opinion is not authority for propositions not considered.' "].)

---

(See *Pavers,* at p. 51 [further criticizing *Adler* dictum, observing it would make "the automatic stay into a provision that can only be applied with the benefit of hindsight," as it would allow "extensive litigation in the non-bankruptcy court, and then invalidate[ ] everything that occurred" upon an alter ego finding].)

23

In *People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127 (*Financial Casualty*), the reviewing court addressed and rejected the appellant's attempt to "invoke [section] 473, subdivisions (b) and (d) for relief from a jurisdictional bar." (*Id.* at p. 140.) The appeal concerned Penal Code section 1305, subdivision (j), which mandates that a motion to vacate a bail forfeiture must be " 'filed in a timely manner within the 180-day period' " after the court declares the forfeiture. (*Financial Casualty,* at p. 138.) As with the statutes prescribing the requirements to vacate an arbitration award, when a court " 'does not strictly follow [the bail forfeiture] statutes [it] acts in excess of its jurisdiction.' " (*Ibid.*) Because the appellant filed its motion for vacatur outside the mandatory 180-day period, the *Financial Casualty* court held the trial court had no jurisdiction to consider the motion, and section 473, subdivision (d) could not be used "to create jurisdiction where there is none." (*Financial Casualty,* at p. 141; see *Maynard v. Brandon* (2005) 36 Cal.4th 364, 372 (*Maynard*) [section 473 "does not offer relief from mandatory deadlines deemed jurisdictional in nature"].)

The *Abers* court reached the same conclusion with respect to the 100-day jurisdictional deadline for a petition to vacate an arbitration award and section 473's provision for mandatory relief based on an attorney's declaration of error. (*Abers, supra,* 217 Cal.App.4th at pp. 1202–1203.) Equating the 100-day deadline with the jurisdictional "deadline for filing an appeal," the *Abers* court emphasized that "the court loses jurisdiction to vacate the award if the petition is not timely served and filed." (*Id.* at p. 1203.) And, like the *Financial Casualty* court, the *Abers* court rejected the contention that section 473 could be invoked

to relieve a party of its failure to comply with a jurisdictional deadline, holding: "Once jurisdiction is lost, it cannot be retroactively reinstated." (*Abers,* at p. 1203; see also *Knass, supra,* 228 Cal.App.3d at p. 394 ["The fact the award was reduced to a judgment does not resurrect [the] opportunity to challenge it."].)

We agree with *Financial Casualty* and *Abers*, and likewise conclude that section 473 cannot be invoked to circumvent the jurisdictional deadline for filing and serving a petition to vacate an arbitration award.[14] As the *Abers* court aptly observed, any other result "would be an effective nullification of the statutory 100-day limitation on filing and serving a petition to vacate," and "[w]e cannot endorse such a result." (*Abers, supra,* 217

---

[14] We acknowledge there are a handful of cases suggesting relief is available under section 473 for late-filed petitions to vacate. (See *Eternity Investments, supra,* 151 Cal.App.4th at p. 746; *DeMello v. Souza* (1973) 36 Cal.App.3d 79, 84; *Elden v. Superior Court* (1997) 53 Cal.App.4th 1497, 1512.) However, as our colleagues in Division Two recently noted, "none of those cases actually granted relief under section 473, and their statements are therefore arguably dicta." (*Law Finance Group*, *supra*, 67 Cal.App.5th at p. 322, fn. 9.) Moreover, as both the *Law Finance Group* and *Abers* courts determined, these cases are not persuasive "for the simple reason that none of them makes any effort to persuade." (*Abers, supra,* 217 Cal.App.4th at p. 1212; *Law Finance Group,* at p. 322, fn. 9].) In any event, we agree with the *Abers* court that these cases are simply inconsistent with the rule announced by the Supreme Court in *Maynard* and must be rejected on that basis. (*Abers,* at p. 1212; *Maynard, supra,* 36 Cal.4th at p. 372 [section 473 "does not offer relief from mandatory deadlines deemed jurisdictional in nature"].)

Cal.App.4th at p. 1212; see *Eternity Investments, supra,* 151 Cal.App.4th at p. 746 [discussing important policy goals served by 100-day limitation].)

Defendants' contention that the award was subject to post-judgment challenge because the arbitrator's decisions were "insufficiently supported, legally erroneous and contrary to law" fares no better. The narrow grounds for vacating an arbitration award include the ground that "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (§ 1286.2, subd. (a)(4).) In *Moncharsh,* our Supreme Court addressed what had been a frequent contention that an arbitrator exceeded his powers "because the arbitrator reached an erroneous decision" on the law and the evidence. (*Moncharsh, supra,* 3 Cal.4th at p. 28.) The *Moncharsh* court rejected the contention under the "rule of limited judicial review," emphasizing it is well settled that " 'arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision.' " (*Ibid.*) Here, we need not invoke the limited judicial review principle because any contention that defendants might have made about the arbitrator exceeding his powers with respect to the law, the evidence, or the arbitration rules had to be made in a petition to vacate the award, filed and served within the 100-day jurisdictional period under section 1288.[15] Once that

---

[15] Notably, defendants make the same argument that the arbitrator "demonstrably disregarded evidence, erred, and exceeded his arbitral powers" under the JAMS rules in a section of their opening brief under the heading: "THE ARBITRATOR EXCEEDED HIS POWERS." (Boldface and underlining omitted.) They also make these arguments with respect to

26

period elapsed, all contentions about the arbitrator exceeding his powers were effectively forfeited as a basis for post-confirmation relief.  (See *Louise Gardens of Encino Homeowners' Assn., Inc. v. Truck Ins. Exchange, Inc*. (2000) 82 Cal.App.4th 648, 659 ["A party who fails to timely file a petition to vacate under section 1286 may not thereafter attack that award by other means on grounds which would have supported an order to vacate."].)

We need not discuss the non-debtor defendants' other arguments.  As appellants, these defendants bear the burden of establishing not only error, but also prejudice—i.e., that in the absence of the claimed error it is reasonably probable they would have obtained a more favorable result.  (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800; *Waller v. TJD, Inc*. (1993) 12 Cal.App.4th 830, 833 ["Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred."].)  Because the non-debtor defendants failed to petition to vacate the arbitration award within the 100-day jurisdictional period, the trial court had no option but to confirm the award and to enter judgment in conformity therewith.  (§§ 1286, 1287.4; *Abers, supra,* 217 Cal.App.4th at pp. 1211–1212.)  And, because the result the trial court reached was statutorily mandated, none of the non-debtor defendants' arguments about the trial court's reasons for rejecting their post-judgment motions is sufficient to establish prejudice as a matter of law.  (See *Mike Davidov Co. v. Issod* (2000) 78 Cal.App.4th 597, 610 ["there can be no prejudicial error from erroneous logic or

_____

their new trial motion, which, like their other post-judgment motions, could not be used to obtain relief on grounds that had to be asserted in a petition to vacate the award before the jurisdictional deadline lapsed.

27

reasoning if the decision itself is correct"].) Simply put, because the trial court lacked jurisdiction to do anything other than confirm the arbitration award and enter judgment in conformity with it, the non-debtor defendants cannot demonstrate they would have obtained a more favorable result, regardless of the claimed error.

## DISPOSITION

The appeals of Rideshare Port Management, LLC and Prime Time Shuttle, Inc. are dismissed. The order confirming the arbitration award, the judgment thereupon, and the post-judgment orders are affirmed. Moradian is entitled to his costs.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



LAVIN, Acting P. J.



HILL, J.[*]

_____

[*]     Judge of the Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

28